UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CLARENCE KEITH LAMONDA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 18-25-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF KENTUCKY, A.B. | ) | **MEMORANDUM OPINION** |
| CHANDLER HOSPITAL, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Clarence Keith Lamonda is an inmate confined at the Federal Medical Center ("FMC")-Lexington, located in Lexington, Kentucky. Proceeding without an attorney, Lamonda has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1]. Lamonda seeks injunctive relief, directing FMC-Lexington and the University of Kentucky, A.B. Chandler Hospital ("U.K. Medical Center") to release his medical records, treatment plan and to begin medical treatment for his medical condition. [Record No. 1 at p. 2]. He also alleges violations of his rights to due process of law under the Fifth and Fourteenth Amendments and his Eighth Amendment right to be free from cruel and unusual punishment. [Record No. 1 at p. 2, 6-7]. Lamonda has filed an identical "habeas" action against the Warden at FMC-Lexington. *See Lamonda v. Warden Francisco Quintana*, No. 5:18-cv-26-JMH (E.D. Ky. 2018). In both actions, he alleges that the U.K. Medical Center and FMC-Lexington are conspiring to deprive him of the right to necessary medical care, access to his medical records and his treatment plan. [Record No. 1 at p. 7].

-1-

Lamonda may not pursue his claims in this proceeding. U.K. Medical Center is not a proper respondent in a habeas proceeding. Rather, the correct respondent is the warden of the facility where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Moreover, despite Lamonda's statement that he is challenging the "execution of his current sentence" [Record No. 1 at p. 2], it is clear that his petition actually alleges civil rights claims. Thus, he is essentially challenging a condition of his confinement at FMC-Lexington. However, a federal prisoner may not use § 2241 to pursue a civil rights claim. He can only assert such claims by filing suit under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."). *See also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Because the actions about which Lamonda complains have no effect on the duration of his sentence, his claims must be pursued as civil rights claims under *Bivens*. Thus, the Court will deny the petition without prejudice to Lamonda's right to assert his claims in a civil rights proceeding. *Martin*, 391 F.3d at 714. Accordingly, it is hereby

**ORDERED** as follows:

1. Lamonda's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This matter is **DISMISSED**, without prejudice, and **STRICKEN** from the docket of the Court.

This 23rd day of January, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge